# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.: 3:23-cv-966 |
| vs. | **COMPLAINT FOR INTERPLEADER** |
| NICOLE DELIA, JOSEPH IAVARONE, WALTER J. MAXIM, III, KAREN MARSH TOUSSAINT, | |
| Defendants. | |

The Plaintiff, Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company ("Equitable"), by and through its undersigned counsel, hereby files this Complaint for Interpleader against the Defendants and states as follows:

## I.   PARTIES

1. Equitable is an insurance corporation organized and existing under the laws of the state of New York, with its principal place of business in New York. Equitable is authorized to transact the business of insurance in New Jersey.

2. Upon information and belief, Defendant Nicole Delia ("Delia") is a resident of New Jersey. Delia is named in this action as a putative beneficiary of the life insurance proceeds at issue.

3. Upon information and belief, Defendant Joseph Iavarone ("Iavarone") is a resident of Kings County, New York. Iavarone is named in this action as a putative beneficiary of the life insurance proceeds at issue.

4. Upon information and belief, Defendant Walter J. Maxim, III ("Maxim") is a resident of New Jersey. Maxim is named in this action as a putative beneficiary of the life insurance proceeds at issue.

5. Upon information and belief, Defendant Karen Marsh Toussaint ("Toussaint") is a resident of Ocean County, New Jersey. Toussaint is the mother of Brian Keith Marsh, deceased ("Insured"), and is named in this action as a putative beneficiary of the life insurance proceeds at issue.

## II.   JURISDICTION AND VENUE

6. This action is brought as a statutory interpleader pursuant to 28 U.S.C. § 1335.

7. This Court has subject matter jurisdiction over this action as there is minimal diversity of citizenship between the claimant defendants and the amount in controversy exceeds $500.00.

8. This Court has personal jurisdiction over the Defendants. In this regard, 28 U.S.C. § 2361 provides for nationwide service of process and confers upon the Court the authority to provide the relief requested herein.

9. Venue is proper in the United States District Court for the District of New Jersey as this action is brought in the judicial district in which one or more of the claimants reside, all pursuant to 28 U.S.C. § 1397.

## III.   FACTS SUPPORTING INTERPLEADER

10. On or about June 16, 2009, Equitable issued a term life insurance policy bearing policy number XXXXX4680 (hereinafter referred to as the "Policy") on the life of the Insured. Attached hereto as Exhibit A is a redacted copy of the Policy.

11. At all times, the Insured was covered for term life insurance benefits under the Policy in the total amount of $1,500,000.00 (the "Death Benefit").

12. At issuance, the Insured's former spouse was designated as the primary beneficiary.

13. On or about March 13, 2021, the primary beneficiary designation under the Policy was changed to the Insured's estate. *See* Policy at 19, Ex. A.

14. On or around October 26, 2021, the beneficiary designation under the Policy was changed to Walter Maxim, as the primary beneficiary, listing the relationship as "friend," and Nicole Delia, as the contingent beneficiary, listing the relationship as "sister." *See* Policy at 18, Ex. A.

15. On or around November 9, 2021, the beneficiary designation under the Policy was changed to Karen Toussaint, as the primary beneficiary, listing the relationship as "mother." *See* Policy at 17, Ex. A.

16. On or around October 1, 2022, the beneficiary designation under the Policy was changed to Joseph Iavarone, as the primary beneficiary, listing the relationship as "cousin." *See* Policy at 16, Ex. A.

17. On or about October 2, 2022, the Insured passed away in the State of New Jersey. The manner of death was listed as suicide. Attached hereto as <u>Exhibit B</u> is a redacted copy of the Insured's Death Certificate as received by Equitable.

18. The Death Benefit became due under the Policy following the Insured's death.

19. On or about October 26, 2022, Defendant Iavarone made a claim to the Death Benefit as the primary beneficiary. A copy of the redacted claim form is attached hereto as <u>Exhibit C</u>.

4859-3388-3473 v.1 071374/01508, 3:41 PM, 02/17/2023

20. On November 7, 2022, Equitable received an email from Defendant Toussaint and Keith Toussaint related to the circumstances of the Insured's death and communications with Defendant Iavarone. The email from the Toussaints also challenges the familial relationship between Defendant Iavarone and the Insured, and challenges the beneficiary designations under the Policy made between April 2022 and October 2, 2022, due to the Insured's "state of mind and depression" and circumstances surrounding his death. A copy of the redacted email is attached hereto as Exhibit D.

21. On December 28, 2022, Equitable received an email from Defendant Toussaint, representing that she "requested the police department to open an investigation" into the Insured's death, and that "[t]he police have requested [the] Middlesex Medical Examiner to review [its] reports and findings." *See* Exhibit D.

22. On December 29, 2022, Equitable responded to Defendant Toussaint via email, notifying her of receipt of her inquiry and requesting a copy of the police report. Attached as Exhibit E. Equitable has not received a copy of the police report to date.

23. By letter dated January 11, 2023, Equitable sent Defendants Iavarone and Toussaint notice of competing claims for the Death Benefits preventing Equitable from paying any funds until the parties reach a mutually agreed upon settlement or a court determined resolution (hereinafter referred to as the "Standstill Letter"). A copy of the Standstill Letters are attached hereto as Exhibit F.

24. On January 12, 2023, Defendant Toussaint responded by email, stating that she may explore resolving this dispute with the claimants. A copy of the redacted email is attached hereto as Exhibit G.

4859-3388-3473 v.1 071374/01508, 3:41 PM, 02/17/2023

25. By letter dated January 17, 2023, Defendant Toussaint stated her intent to assert a claim to the Death Benefits and authorized Equitable to retain the claim proceeds on deposit pending a mutually agreed upon settlement or court intervention. Attached hereto as Exhibit H.

26. By letter dated February 1, 2023, Defendant Iavarone authorized Equitable to retain the claim proceeds on deposit pending a mutually agreed upon settlement or court intervention. Attached hereto as Exhibit I.

27. By letter dated February 10, 2023, Equitable received a statement from counsel for Defendant Iavarone asserting Defendant Iavarone's claim for the Death Benefit, disclaiming Defendant Toussaint's claim, and requesting that the Death Benefit not be paid to anyone. Attached hereto as Exhibit J.

28. Since the Insured's death, Equitable's customer service center has received numerous calls from Defendants Toussaint and Iavarone. In those calls, both parties offer challenges and explanations regarding the beneficiary designation changes.

29. On or around February 15, 2023, Equitable received a call from counsel for Defendants Maxim and Delia, stating that his clients are making a claim to the Death Benefits.

30. By letter dated February 16, 2023, transmitted by facsimile, Equitable received a statement from counsel for Defendants Delia and Maxim indicating that his clients are the "valid beneficiary" to the Policy and "appeal[ing] the adverse claim determination." A copy of the letter is attached hereto as Exhibit K.

31. Equitable has not denied a claim for benefits under the Policy nor does it intend to. As explained herein, Equitable is ready, willing, and able to pay the Death Benefits.

5

32. Equitable has reasonable doubt as to who, among Defendants Touissant, Iavarone, Maxim, and Delia, is entitled to some or all of the Death Benefit under the Policy. Equitable seeks resolution of this matter in good faith.

### IV.   APPROPRIATENESS OF INTERPLEADER

33. Based upon the facts set forth above and the conflicting claims of the Defendants, Equitable cannot determine factually or legally which Defendant is entitled to payment of the proceeds due under the Insured's Policy.

34. Equitable is a disinterested and innocent party that desires to make the payments at issue to the appropriate party as determined by this Court.

35. Equitable claims no title to or interest (except to recover its attorney's fees and costs of this action) in the Death Benefit to be paid under the Policy in the amount of $1,500,000.00, which amount Equitable is and always has been ready, willing, and able to pay to the person or persons who may be lawfully entitled to receive it. By reason of the actual or potential claims of the Defendants, Equitable is or may be exposed to double or multiple liability.

36. Equitable has in no way colluded with any of the parties named herein concerning the matters of this case. Equitable has not been, nor will it be, indemnified in any manner by any of the parties. Equitable has filed this Interpleader of its own free will to avoid multiple liability and unnecessary suits and costs.

37. Equitable has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of Defendants as to the Death Benefit.

38. Equitable is a mere stakeholder in this action, having and claiming no interest in the Death Benefit. Equitable is ready, willing, and hereby offers to deposit the Death Benefit,

together with accrued claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Equitable respectfully requests that this Court grant the following relief:

(a) Directing Equitable to pay the Death Benefit, together with claim interest, if any, into this Court;

(b) Directing Defendants to interplead their rights to such sum and settle between themselves their rights to the Death Benefits due under the Policy;

(c) Restraining Defendants, and each of them, from instituting any action against Equitable for recovery of the amount of the Policy or any part of it;

(d) Discharging Equitable from all liability to the Defendants arising out of the matters herein set forth upon payment of the Death Benefit, with claim interest, if any, into this Court;

(e) Entry of an Order awarding Equitable payment of reasonable attorney's fees and costs necessitated by the bringing of this action; and

(f) Such other relief as is deemed just and proper.

**[Signature Page Attached]**

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: */s/ Lisa A. Herbert*
            Lisa A. Herbert
        330 Madison Avenue, 27th Floor
        New York, New York 10017
        Tel: (212) 413-9000
        Lisa.Herbert@nelsonmullins.com

        *Attorney for Plaintiff Equitable Financial Life Insurance Company*

New York, New York
February 17, 2023